(No. 84-CV-123

*In re* APPLICATION OF BRETT HARVEY.

*Opinion filed August 29, 1984.*

DAVID K. GROUNDS, for Claimant.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

Poch, J.

This claim arises out of an incident that occurred on September 25, 1983. Brett Harvey, Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on June 12, 1984, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant, Brett Harvey, age 19, was a victim of a violent crime, as defined in section 2(c) of the Act, to wit: reckless conduct. Ill. Rev. Stat. 1979, ch. 38, par. 12—5.

2. That on September 25, 1983, the victim was shot by an offender known to him. The incident occurred at 1125 East Loop Road, Bethalto, Illinois, where the victim and offender were attending a party. During this party, the offender produced a rifle and fired it into the air. The victim attempted to disarm the offender, and during this struggle the rifle discharged, striking the

victim. The victim was taken to Alton Memorial Hospital for treatment of his injuries. The offender was apprehended and was convicted of reckless conduct.

3. That the Claimant seeks compensation for medical/hospital expenses only.

4. That section 2(h) of the Act states that loss of earnings shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $750.00 per month, whichever is less.

5. That the Claimant was not employed for the six months immediately preceding the date of the incident out of which this claim arose and therefore suffered no loss of earnings compensable under the Act.

6. That the Claimant incurred medical/hospital expenses in the amount of $9,760.73, none of which was paid by insurance, leaving a balance of $9,760.73.

7. That the Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

8. That pursuant to section 10.1(e) of the Act, this Court must deduct $200.00 from all claims (except in the case of an applicant 65 years of age or older), and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dram Shop Act, Federal Medicare, State public aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal Social Security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life

insurance that would inure to the benefit of the applicant.

9. That the Claimant has received no reimbursements that can be counted as applicable deductions.

10. That pursuant to section 18(c) of the Act, the Court may order that all or a portion of an award be paid jointly to the applicant and provider of services. In the instant case, the Court finds this section applicable and orders that joint payment be made.

11. That after applying the applicable deductions, the Claimant's loss for which he seeks compensation is $9,560.73, based upon the following:

| | Compensable Amount | Less % of $200.00 Deductible | Total |
|---|---|---|---|
| Alton Memorial Hospital | $8,358.20 | 85.7% | $8,186.80 |
| Wood River Township Hospital | 167.40 | 1.7% | 164.00 |
| Daniel W. Platt, M.D. | 184.00 | 1.9% | 180.20 |
| Alton Orthopedic Clinic, Ltd. | 151.13 | 1.5% | 148.13 |
| Alton Surgical Clinic | 900.00 | 9.2% | 881.60 |
| Total | $9,760.73 | 100% | $9,560.73 |

It is hereby ordered that the sum of $8,186.80 (eight thousand one hundred eighty-six dollars and eighty cents) be and is hereby awarded to Brett Harvey and Alton Memorial Hospital.

It is further ordered that the sum of $164.00 (one hundred sixty-four dollars) be and is hereby awarded to Brett Harvey and Wood River Township Hospital.

It is further ordered that the sum of $180.20 (one hundred eighty dollars and twenty cents) be and is

hereby awarded to Brett Harvey and Daniel W. Platt, M.D.

It is further ordered that the sum of $148.13 (one hundred forty-eight dollars and thirteen cents) be and is hereby awarded to Brett Harvey and Alton Orthopedic Clinic, Ltd.

It is further ordered that the sum of $881.60 (eight hundred eighty-one dollars and sixty cents) be and is hereby awarded to Brett Harvey and Alton Surgical Clinic.